UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00136-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEPHANIE V. QUINTERO SANCHEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss for Lack of Venue

to which the government has filed a Response.  The motion is now ripe for disposition.

**FINDINGS AND CONCLUSIONS**

**I.      Background**

On May 20, 2016, defendant was indicted on charges of conspiracy to commit wire fraud,

18 U.S.C. § 1349, wire fraud, 18 U.S.C. § 1343, conspiracy to commit money laundering, 18

U.S.C. § 1956(h), and international money laundering, 18 U.S.C. § 1956(a)(2)(A). The charges

stem from an alleged telemarketing fraud based out of call centers located in Costa Rica. In this

alleged scheme, defendants would call victims in the United States and, using aliases, would tell

them that they had won money in a sweepstakes contest. To receive the prize, the recipient would

need to pay fees using Western Union money transfers.  However, there was no actual prize, and

the call center workers would keep the money obtained via the wire transfers. Relevant to the

instant motion, it is alleged that all of these Western Union wire transfers were routed to Western

Union's facilities in Charlotte, North Carolina, where they were processed.

## II.    Motion for Evidentiary Hearing

As a preliminary matter, defendant requests that an evidentiary hearing be conducted on her motion. As counsel are aware, this Court strongly favors hearings; however, as cited to in defendant's supporting brief, (#73 at 4), the Court of Appeals for the Fourth Circuit has made it clear that "[w]hen the motion to dismiss for improper venue is a pretrial motion, only the indictment may be considered.  Evidence beyond the face of the indictment should not be considered." United States v. Engle, 676 F.3d 404, 415 (4th Cir. 2012).  As the requested evidentiary hearing would invite error, it will be denied.

## III.    Motion to Dismiss for Lack of Venue

Defendant argues that the charges against her should be dismissed for want of venue because she lacks personal ties or contacts with the Western District, that none of the elements of the alleged offenses took place in the Western District, and that it was not reasonably foreseeable that she would be called upon to answer these charges in this district.   Motion (#73 at 4-5).  In response, the government argues that the Grand Jury has found probable cause to believe that defendant and her alleged co-conspirators instructed victims to wire them funds via Western Union, and that all such wires were electronically routed through and processed in Western Union's facilities located in Charlotte, North Carolina, which is within the Western District of North Carolina. See Indictment (#3 at 3).

### A.    Applicable Standard

Pursuant to Rule 18, Federal Rules of Criminal Procedure, venue in federal criminal prosecutions lies in the district in which the alleged crime was committed. Fed.R.Crim.P. 18. This rule is derived from both Article III of and the Sixth Amendment to the United States Constitution, which guarantee a defendant trial in the district where the offense was committed.  United States

v. Johnson, 510 F.3d 521, 523-24 (4th Cir. 2007).  However, where, as alleged here, an offense is "begun in one district and completed in another, or committed in more than one district," that offense may be tried "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2012).

Unless Congress otherwise prescribes, venue is to "be determined from the nature of the crime alleged and the location of the act or acts constituting it." Johnson, 510 F.3d at 524 (citation and corresponding quotation marks deleted).  Such an inquiry involves consideration of the essential conduct elements of the offenses charged, United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005), and there may in fact be more than one jurisdiction where venue may be properly found, including a venue defendant has never personally visited. United States v. Bowens, 224 F.3d 302, 309 (4th Cir. 2000). Thus, the Court's task is to review each Count of the Indictment to determine whether venue is properly found in the Western District of North Carolina.

**B.     Counts One through Seven**

As to Counts One through Seven – the wire fraud and wire fraud conspiracy counts – wire fraud is a considered a continuing offense, Ebersole, 411 F.3d at 527, which are prosecutable in any district where the offense was started, continued, or completed.  18 U.S.C. § 3237(a).

In what remains binding precedent, the Fourth Circuit held in Ebersole that as a continuing offense, wire fraud charges may be "properly tried in any district where a payment-related wire communication was transmitted in furtherance of [Defendant's] fraud scheme."  Ebersole, supra. As to the related conspiracy to commit wire fraud alleged in Count One, such an offense is prosecutable in any district in which an act was committed that furthered the conspiracy.  United States v. Gilliam, 975 F.2d 1050, 1057 (4th Cir.1992).  In sum, the Grand Jury has alleged in the Indictment alleges that for the purpose of executing a scheme to defraud, defendants, including the

moving defendant, transmitted and caused to be transmitted each of the charged wires, which were electronically routed to and processed in Charlotte, before being sent to their ultimate destination. Indictment (#3). Thus, venue is proper in the Western District on these charges from the face of the Indictment.

Finally, the Court has considered defendant's argument that transmission of wires through the Western District was not intended or anticipated. That argument is without persuasive effect as no Fourth Circuit decision has added a *mens rae* requirement to the Section 3237(a) venue analysis. Where the Fourth Circuit has addressed the issue, its has expressly rejected such a requirement in the context of electronic transmission of false SEC forms to servers located in the Eastern District of Virginia. Johnson, 510 F.3d 524-27. The Fourth Circuit held, as follows:

> If Congress had wanted to limit venue to those districts where the defendant could have reasonably foreseen his criminal conduct taking place, it could have easily done so. Instead, it enacted a broad venue provision, one that lacked any reference to a defendant's mental state or predictive calculus, and focused solely on whether "any act or transaction constituting the violation" took place in the district.

Id. at 527.

Like 15 U.S.C. § 78aa, which governs venue for securities offenses as charged in Johnson, the language of § 3237(a) which governs the analysis here provides no indicia that Congress intended to impose a foreseeability requirement. Indeed, Congress plainly provided for venue "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

The Court concludes that venue is properly found in the Western District of North Carolina as to Counts One through Seven.

**C.    Counts Eight through Fourteen**

As to Count Eight (the money laundering conspiracy charge related to Counts Nine through Fourteen) and Counts Nine through Fourteen (international money laundering charges), venue is

not governed by the general provisions of § 3237(a), but by a specific venue statute, 18 U.S.C. §

1956(i). That statute provides as follows:

> **Venue.**-- (1) Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in-
>> (A) any district in which the financial or monetary transaction is conducted; or
>> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.
>> (2) A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.
>> (3) For purposes of this section, a transfer of funds from 1 [one] place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i). When that statute, as interpreted by the Supreme Court in Whitfield v. United

States, 543 U.S. 209 (2005), is applied to these charges, it is apparent that venue in this district is

properly found.[1]

As made clear in § 1956(i), prosecution of Counts Eight through Fourteen may be brought

in any district in which the financial or monetary transaction was conducted, or where a

prosecution for the underlying specified unlawful activity could be brought, if the defendant

participated in the transfer of the proceeds of the specified unlawful activity from that district to

the district where the financial or monetary transaction is conducted. 18 U.S.C. § 1956(i). The

Indictment alleges that defendant engaged in the alleged conduct supporting the money laundering

and conspiracy to commit money laundering charges in the Western District of North Carolina and

---

[1]    Defendant's reliance on United States v. Cabrales, 524 U.S. 1, 7 (1998) and United States v. Stewart, 256 F.3d 231 (4th Cir. 2001) is misplaced as those cases were determined before enactment of the venue provisions found in § 1956(i) and before the Supreme Court decided Whitfield, supra.

elsewhere. This allegation alone is sufficient to survive a motion to dismiss for lack of venue at this stage of the proceedings. It is, however, further alleged by the Grand Jury that defendant and her alleged co-conspirators provided victims specific instructions to initiate the Western Union wire transfers that were routed and processed in this district and that resulted in the conclusion of the wire transfers in Costa Rica through receipt by runners who defendant identified for the victims. A "financial transaction" means, in relevant part, a "transaction which in any way or degree affects interstate or foreign commerce (i) involving the moment of funds by wire or other means" or "a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree." 18 U.S.C. § 1956(c)(4). The term "conducts" a financial transaction includes "initiating, concluding, or participating in initiating, or concluding a transaction." 18 U.S.C. § 1956(2). Thus, these transfers are single, continuing transactions, and defendant may be charged in any district in which the transaction took place, including this district, through which the Grand Jury determined every Western Union wire necessarily had to transfer to be processed. Because a prosecution may be brought in the Western District for the international money laundering charges, a prosecution for conspiracy to commit those money laundering (Count Eight) may also be brought in the Western District. 18 U.S.C. § 1956(i)(2).

The Court concludes that venue is properly found in the Western District of North Carolina as to Counts Eight through Fourteen.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss for Lack of Venue (#73) is **DENIED**.

Signed: October 2, 2018

Max O. Cogburn Jr
United States District Judge