UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-136-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEPHANIE SANCHEZ,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se letter motion, seeking credit for time served before she was extradited to the United States. (Doc. No. 151).

Defendant's motion is denied. Defendant is requesting a determination of time-credit on the sentence that this Court imposed. It is the province of the Attorney General, acting through the Bureau of Prisons, to give a defendant credit for the time spent in federal custody before sentencing. See 18 U.S.C. § 3583(b); United States v. Wilson, 503 U.S. 329, 333–35 (1992); Harris v. United States, 2015 WL 8366822, at *4 (W.D.N.C. 2015). Prisoners must exhaust administrative remedies before seeking review of time credit calculations in court. See Wilson, 503 U.S. at 335. Defendant has not shown that she has exhausted her administrative remedies by presenting this claim to the Bureau of Prisons. See Carswell v. O'Brien, 2009 WL 5178372, at *1 (W.D. Va. 2009) (dismissing § 2241 petition raising time credit claim for failure to exhaust administrative remedies).

Additionally, this Court lacks jurisdiction to address defendant's claim under 28 U.S.C. § 2241. Errors challenging the execution of a sentence, rather than the sentence's validity, must be filed under 28 U.S.C. § 2241 in the petitioner's district of confinement. United States v. Little,

1

392 F.3d 671, 679–80 (4th Cir. 2004); § 2241(a). A "request for sentencing credit is properly brought under § 2241," even if the basis for the challenge is constitutional. Little, 392 F.3d at 679. Because defendant is not incarcerated in this district, this Court would lack jurisdiction over defendant's motion even if the Court were to construe it as a § 2241 petition. See United States v. Poole, 531 F.3d 263, 270-71, 274–75 (4th Cir. 2008) (holding that a district court lacks jurisdiction to address a § 2241 petition that is not brought in the district of the petitioner's immediate custodian).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's letter motion seeking credit for time served (Doc. No. 151), is **DENIED WITHOUT PREJUDICE** to exhaust her remedies with the Bureau of Prisons and filing a § 2241 action in the district of confinement after exhaustion of those remedies.

Signed: April 13, 2021

Max O. Cogburn Jr
United States District Judge